J52XTRIC    1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

LANCE TREANKLER,

                Plaintiff,

         v.                           19 CV 629 (RA)

FERROGLOBE PLC, et al.,

                Defendants.

------------------------------x
                                      New York, N.Y.
                                      May 2, 2019
                                      12:35 p.m.

Before:

                    HON. RONNIE ABRAMS,

                                      District Judge

                         APPEARANCES

GLANCY PRONGAY & MURRAY
     Attorneys for Plaintiffs
BY:  GARTH A. SPENCER

                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

(Case called)

THE DEPUTY CLERK:  Counsel, please state your name for the record.

MR. SPENCER:  Garth Spencer of Glancy Prongay & Murray on behalf of lead movant, Lance Treankler.

THE COURT:  Good afternoon.  We're here to discuss the motion for consolidated of the two related class actions and fora appointment of lead plaintiff and class counsel.

But no one has appeared on behalf of defendant?

MR. SPENCER:  That is correct, your Honor.

THE COURT:  And I understand -- sir, are you here in connection with this case?

MR. CHATTORAJ:  Yes, I am, your Honor.

THE COURT:  Just speak into the mike so I can hear you.  Thank you.

MR. CHATTORAJ:  My name is Partha Chattoraj of the firm Allegaert, Berger & Vogel LLP.  My firm was contacted by Ferroglobe when it became aware of this lawsuit.

We have not been retained to represent any defendant, but essentially as a courtesy and also for my own self-interest in potentially being retained, should it become necessary, I decided to attend this hearing.

THE COURT:  Thank you.

Mr. Spencer, what would you propose today?  I have the motions.  I am prepared to rule.  And yet to the extent that

one of the defendants seeks to oppose consolidation or anything else, should I wait in should I put this off for a week?

What would you propose?

MR. SPENCER: Your Honor, as you have seen, the defendant is aware of the action. The company and presumably its CEO and CFO, the other named defendants -- had they wanted to oppose any of the relief requested, they could have appeared and done so. I would suggest that these motions are ripe for ruling.

THE COURT: Assume that I were to rule today.

What would you think the next steps in this case would be if no defendant does indeed appear?

MR. SPENCER: We would then have to consider whether we want to stand on the service that we believe has been effected on the company and what steps we would then take to serve the individual defendants or whether we would seek to re-serve the company.

We have not been --

THE COURT: Who's been served so far? Walk me through the service on each.

MR. SPENCER: I understand that service has been made on the service agent for a wholly owned subsidiary of the company. That subsidiary is called Global Specialty Metals, Inc. It has appointed agents for service of process in Florida and Delaware.

Yesterday we filed with the Court an affidavit of service setting forth that service was made on those agents on April 4. To my knowledge, that is the extent of the service that has been made thus far.

THE COURT: I'm sorry. Service has been made on Ferroglobe PLC but not the individual defendants, Pedro Larrea and Phillip Murnane; is that right?

MR. SPENCER: You're correct that we did not serve the individual defendants. A slight nuance with respect to the company. The company itself is headquartered in London. It conducts U.S. operations, at least in part, by a wholly owned U.S. subsidiary.

THE COURT: You mentioned that you have served the wholly owned U.S. subsidiary.

MR. SPENCER: Yes.

THE COURT: But you have not served the name defendants in this case?

MR. SPENCER: That's correct. The named individual defendants.

THE COURT: You haven't served the named individual defendants. But legally if you have a company that's the named defendant in an action and it has a wholly owned subsidiary here, you don't need to serve the named defendant, corporate defendant?

MR. SPENCER: Your Honor, it's my understanding that

service can be effected on the foreign parent via service on a wholly owned U.S. subsidiary. There's a 1988 U.S. Supreme Court case, *Volkswagen v. Schlunk*, which addresses this subject. That's about all I have to say on that at the moment. Obviously we could address this further if it becomes necessary in the case.

THE COURT: Why is it that you haven't served the named defendants? Why is it that I should be deciding a motion with respect to -- they may have no objection either to consolidation or to who the lead plaintiff is, but why should I be deciding a motion where there are defendants you just haven't served yet?

MR. SPENCER: Your Honor, I think there's no doubt that all defendants are on notice of this case. There's no kind of fundamental fairness or due process concern there. It's simply a procedural matter of whether or not service has formally been effected.

We were hoping that once service had been made on the company, we could then speak with its lawyers and maybe discuss service waivers with respect to the individuals. We understand they reside abroad and it make take some jumping through hoops to effect formal service of process.

THE COURT: I see. Why don't we just take a break for a moment, and I'll be back momentarily.

(Recess)

THE COURT:  You can be seated.

Just let me ask you:  With respect to the individual defendants, hasn't the time to serve expired for them?  Isn't it a 90-day period, and hasn't the 90-day period expired?

MR. SPENCER:  Your Honor, I'm not certain of that.

THE COURT:  It's a little bit unusual to be here on this motion which defendants, in most of these cases where there is a motion for either consolidation or for appointment of lead plaintiffs' counsel, defendants rarely take a position and object, and I recognize that.

Yet on the other hand, it's a little bit unusual to be here when there's been no effort to serve some of the defendants.  It appears, based on what you've told me, that the corporate defendant has been served.  But I need to make this decision within the 90-day period.

So what I'm going to do is I am going to rule on the motions, but to the extent that the corporate defendant responds and objects, then I'll consider that objection at that time.

So as I noted, we're here to discuss the motion of Lance Treankler for consolidations of two class actions, Treankler v. Ferroglobe PLC and Jam-wood Holdings LLC v. Ferroglobe PLC and for appointment of lead plaintiff and class counsel.

My understanding is that there have been no competing

motions that have been filed and the motions are unopposed.

So I'll start with the motion to consolidate the two actions which I will grant. Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions before the court involving a common question of law or fact.

Consolidation is appropriate here. Each action alleges violations of the same federal securities laws against the same defendants for substantially the same representations during the same class period. See *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112.

This is a parenthetical. Since the security class actions assert virtually identical claims based on virtually identical factual allegations, they're well-suited for consolidation and are therefore consolidated. So accordingly, the motion to consolidate the two actions are granted.

I'll turn next to the motion for appointment of lead plaintiff and class counsel. The PSLRA requires the Court to appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interest of class members, 15 U.S.C. 78u-4(a)(3)(B).

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of

Civil Procedure, 15 U.S. Code, Section 78u-4(a)(3)(B)(iii).

Here, Treankler has presented evidence indicating that he has lost more than $500,000, and no other member of the class has filed a motion indicating a larger financial interest in the litigation.

In addition, Treankler has made a preliminary showing of satisfying the requirements of Rule 23 because his claims appear to be typical of the class and there are no apparent conflicts between him and the other members of the class. I'll also note that his motion for appointment of lead plaintiff was timely.

Accordingly, Treankler's motion for appointment of lead plaintiff in the consolidation actions is granted.

Treankler also seeks approval of his selection of Glancy Prongay & Murray LLP as lead counsel. The Court has reviewed the firm's resume and concludes that the firm is qualified. Accordingly, Glancy Prongay & Murray LLP is appointed.

Mr. Spencer, what would you propose with respect to next steps?

MR. SPENCER: I'd like to confer with my colleagues about whether any further steps need to be taken to serve the company, whether further steps should be taken to serve the individuals, whether that would still be timely.

We would then either take those steps or stand on the

service that we have already effected.

THE COURT:  Do you intend to file an amended complaint in this case?  Is there any need for that?

MR. SPENCER:  We certainly do intend to file an amended complaint.  As is common practice in these cases, we have contemplated discussing a schedule for an amended complaint and any dispositive motions with defendants when they appear.

THE COURT:  So why don't you write me a letter a week from tomorrow, so May 10, and just propose next actions to me.  Okay?

MR. SPENCER:  Yes, your Honor.

THE COURT:  All right.  Thank you.

(Adjourned)